**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

WEST BEND INSURANCE COMPANY,

Plaintiff,                                                    Case No.:

v.

TREES R US, INC., JENNI WILLIS, NICK
WILLIS, and MICHAEL RAY O'DELL,

Defendants.

_____/

**COMPLAINT FOR DECLARATORY JUDGMENT**

The Plaintiff, WEST BEND INSURANCE COMPANY ("West Bend"), by and through undersigned counsel, files this Complaint for Declaratory Judgment against the Defendants, TREES R US, INC. ("Trees"), JENNI WILLIS ("J. Willis"), NICK WILLIS ("N. Willis"), and MICHAEL RAY O'DELL ("O'Dell"), states as follows:

**INTRODUCTION**

1.      This is an insurance coverage dispute arising out of an underlying lawsuit filed by O'Dell against Trees, J. Willis, and N. Willis, Case No. 2025-CA-005947, and currently pending in the Twelfth Judicial Circuit for Sarasota County, Florida (the "Underlying Lawsuit."). The underlying lawsuit alleges that O'Dell sustained serious injuries when he fell while performing tree removal work on behalf of Trees during a storm-related tree removal job in Florida.

2.      In this action, West Bend seeks a declaration that it does not owe any duty to defend or indemnify Trees, J. Willis, or N. Willis with respect to the underlying lawsuit under a policy of insurance issued by West Bend to Trees. Particularly, various exclusions apply to bar coverage for the underlying lawsuit under the policy.

3.      Alternatively, West Bend seeks to rescind the policy pursuant to 215 ILCS 5/154 based upon material misrepresentations made during the application and renewal process for the policy.

## JURISDICTION AND VENUE

4.      Plaintiff, West Bend, is a foreign corporation incorporated in the State of Wisconsin with its principal place of business in Wisconsin.  It is, therefore, a citizen of Wisconsin.

5.      Defendant, Trees, is a foreign corporation incorporated in the state of Illinois with its principal place of business in Illinois.  It is, therefore, a citizen of Illinois.

6.      Defendant, J. Willis, is the president of Trees and domiciled in Illinois and, therefore, a citizen of Illinois.

7.      Defendant, N. Willis, is the secretary of Trees and domiciled in Illinois and, therefore, a citizen of Illinois.

8.      Defendant, O'Dell, is domiciled in West Virginia and, therefore, a citizen of West Virginia.

9.      Complete diversity of citizenship exists in this matter between Plaintiff and Defendants.

10.     The amount in controversy exceeds $75,000.00, exclusive of costs, interest and attorneys fees.

11.     Accordingly, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332.

12.     Venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §1391(a), because the Underlying Lawsuit, for which West Bend seek a judicial declaration

2

of no duty to defend or indemnify, is pending in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida.

## THE UNDERLYING LAWSUIT

13.     On or about November 12, 2025, O'Dell filed the Underlying Lawsuit against Trees, J. Willis, and N. Willis. A true and correct copy of the complaint is attached hereto as **Exhibit A**.

14.     The Underlying Lawsuit alleges that Trees is a tree removal business engaged in utility line clearance and other storm-related work in Florida. (**Exhibit A**, ¶ 2).

15.     The Underlying Lawsuit alleges that O'Dell was an employee of Slone & Son's Tree Service, LLC ("Slone"), and that Trees subcontracted with Slone to perform tree removal work on its storm-related jobs in Florida. (*Id*. ¶ 12).

16.     The Underlying Lawsuit alleges that Trees required O'Dell to complete training, including in electrical hazard awareness, to work on its jobs. (*Id*. ¶ 13).

17.     The Underlying Lawsuit alleges that Trees arranged accommodations for O'Dell, supplied equipment, determined the location and work sites where O'Dell would work, and otherwise controlled and directed O'Dell's work. (*Id*. ¶¶ 13-18).

18.     The Underlying Lawsuit alleges that Trees required O'Dell to perform dangerous tree work involving climbing, elevated heights, and working near storm-compromised trees in close proximity to electrical and other hazards. (*Id*. ¶ 20).

19.     The Underlying Lawsuit alleges that on January 14, 2023, O'Dell was injured when he fell while performing tree removal work for Trees on a storm-related job in Florida. (*Id*. ¶ 25).

20.     The Underlying Lawsuit alleges that despite O'Dell's visible and obvious injuries Trees' agents did not immediately seek emergency medical services and, instead, left O'Dell in the bucket truck where he was working. (*Id*. ¶ 29).

21.     The Underlying Lawsuit alleges that Trees' agents knew O'Dell was at risk of further injury but deliberately chose to continue working before seeking emergency medical services for him and, as a result, O'Dell's injuries were aggravated and worsened.  (*Id*. ¶¶ 27-33).

22.     The Underlying Lawsuit asserts causes of action for negligence, negligent hiring, retention, and selection, negligent entrustment and control, negligent supervision and training, and intentional tort.

23.     West Bend has agreed to defend Trees, J. Willis and N. Willis in the Underlying Lawsuit, subject to a reservation of rights to deny coverage and rescind the insurance policy.

24.     West Bend asserts that it has no duty to defend or indemnify Trees, J. Willis and N. Willis with respect to the claims being asserted in the Underlying Lawsuit.

25.     O'Dell has been named as a defendant in the present suit so he will be bound by the Court's ultimate decree. West Bend seeks no relief from O'Dell, other than to the extent, if any, that he is interested in the subject matter of this action, that he be bound by the judgment sought herein.

<div align="center">

**O'DELL'S WORKERS COMPENSATION CLAIM**

</div>

26.     Following the accident, O'Dell filed a workers compensation claim against Trees in Ohio as an employee of Trees under Fla. Stat. **§** 440.10.

<div align="center">

4

</div>

**THE WEST BEND INSURANCE POLICY**

27.    West Bend issued Trees a commercial lines policy, policy no.  A091082 08, and effective from November 15, 2022 to November 15, 2023 (the "policy"). A true and correct copy of the policy is attached hereto as **Exhibit B**.

28.    The policy contains Commercial General Liability coverage (the "CGL coverage") providing, in relevant part:

*COMMERCIAL GENERAL LIABILITY COVERAGE FORM*

*SECTION I – COVERAGES*

*COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY*

*1.    Insuring Agreement*

*a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.*

*b.    This insurance applies to "bodily injury" and "property damage" only if:*

*(1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"[.]*

*2.    Exclusions*

*This insurance does not apply to:*

*a.    Expected Or Intended Injury*

*"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

\*\*\*

*d.    Workers' Compensation And Similar Laws*

*Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.*

**e.   Employer's Liability**

*"Bodily injury" to:*

*(1)   An "employee" of the insured arising out of*

*and in the course of:*

*(a)   Employment by the insured; or*

*(b)   Performing duties related to the conduct of the insured's business[.]\*\*\**

*This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury. This exclusion does not apply to liability assumed by the insured under an "insured contract".*

*\*\*\**

## SECTION V – DEFINITIONS

**5.**   *"Employee" includes a "leased worker". "Employee" does not include a "temporary worker".*

*\*\*\**

**13.**   *"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

*\*\*\**

**2.**   *"Auto" means:*

**a.**   *A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or*

**b.**   *Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. However, "auto" does not include "mobile equipment".*

*\*\*\**

**12.**   *"Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:*

6

**a.** *Bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads;*

**b.** *Vehicles maintained for use solely on or next to premises you own or rent;*

**c.** *Vehicles that travel on crawler treads;*

**d.** *Vehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted:*

    **(1)** *Power cranes, shovels, loaders, diggers or drills; or*

    **(2)** *Road construction or resurfacing equipment such as graders, scrapers or rollers;*

**e.** *Vehicles not described in Paragraph **a., b., c.** or **d.** above that are not self-propelled and are maintained primarily to provide mobility to permanently attached equipment of the following types:*

    **(1)** *Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment; or*

    **(2)** *Cherry pickers and similar devices used to raise or lower workers;*

**f.** *Vehicles not described in Paragraph **a., b., c.** or **d.** above maintained primarily for purposes other than the transportation of persons or cargo. However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":*

    **(1)** *Equipment designed primarily for:*

        **(a)** *Snow removal;*

        **(b)** *Road maintenance, but not construction or resurfacing; or*

        **(c)** *Street cleaning;*

    **(2)** *Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and*

    **(3)** *Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well servicing equipment.*

7

> However, "mobile equipment" does not include any land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle insurance law are considered "autos".

29.    The policy contains an exclusion for designated operations modifying the CGL coverage above and providing, in relevant part:

> ### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
>
> ### EXCLUSION – DESIGNATED OPERATIONS
>
> This endorsement modifies insurance provided under the following:
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
> LIQUOR LIABILITY COVERAGE PART
>
> #### Schedule
>
> **Description of Designated Operation(s):**
>
> Any and All Line Clearing and Disconnection of Power, other than for Metra Contract #B70402
>
> ***
>
> This insurance does not apply to "bodily injury", "property damage" or medical expenses arising out of the operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others.
>
> Unless a "location" is specified in the Schedule, this exclusion applies regardless of where such operations are conducted by you or on your behalf. If a specific "location" is designated in the Schedule of this endorsement, this exclusion applies only to the described operations conducted at that "location". For the purpose of this endorsement, "location" means premises involving the same or connecting lots, or premises whose connection is interrupted only by a street, roadway, waterway or right-of-way of a railroad.

30.    The policy further contains a Tree Care Professional Liability Coverage endorsement also modifying the CGL coverage above:

8

### *TREE CARE PROFESSIONAL LIABILITY COVERAGE*

*This endorsement modifies insurance provided under the following:*
*COMMERCIAL GENERAL LIABILITY COVERAGE PART*
*The following is added:*

### *SECTION I – COVERAGES*
### *COVERAGE D. TREE CARE PROFESSIONAL LIABILITY*

*1.*    *Insuring Agreement*

*a.*    *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" arising out of any act, error, or omission of the insured arising out of the insured's professional tree care operations. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for damages related to professional acts, errors or omissions to which this insurance does not apply. We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result.\*\*\**

*2.*    *Exclusions*

*This insurance does not apply to:*

*b.*    *Any expected or intended, injury or damages;\*\*\**

*h.*    *Any claim arising from injury to, injury or damage to property owned by or rented or loaned to, or damages suffered by any "employee" of the insured, any prospective "employee" or previous "employee" of any insured whether arising out of and in the course of employment by any insured or otherwise;*

*i.*    *Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or similar law;\*\*\**

*k.*    *Liability arising out of the ownership, maintenance, use or entrustment to others of any aircraft, watercraft, "auto", motorcycle, or mobile equipment owned or operated by or rented or loaned to any insured. Use includes operation and "loading" and "unloading"[.]\*\*\**

31.    The policy contains Business Auto coverage (the "Business Auto coverage") providing in pertinent part:

*BUSINESS AUTO COVERAGE FORM*

*SECTION II – COVERED AUTOS LIABILITY COVERAGE*

**A.    Coverage**

*We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".\*\*\**

*We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply.*

**B.     Exclusions**

*This insurance does not apply to any of the following:*

**1.    Expected Or Intended Injury**

*"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".*

\*\*\*

**3.    Workers' Compensation**

*Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.*

**4.    Employee Indemnification And Employer's Liability**

*"Bodily injury" to:*

**a.**     *An "employee" of the "insured" arising out of and in the course of:*

**(1)**    *Employment by the "insured"; or*

**(2)**    *Performing the duties related to the conduct of the "insured's" business[.]\*\*\**

*This exclusion applies:*

**(1)**    *Whether the "insured" may be liable as an employer or in any other capacity; and*

10

> **(2)**   *To any obligation to share damages with or repay someone else who must pay damages because of the injury.*
>
> <div align="center">***</div>
>
> **9.**   **Operations**
>
> *"Bodily injury" or "property damage" arising out of the operation of:*
>
> **a.**   *Any equipment listed in Paragraphs **6.b.** and **6.c.** of the definition of "mobile equipment"[.]\*\*\**

**SECTION V – DEFINITIONS**

> **A.**   *"Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".*
>
> <div align="center">***</div>
>
> **K.**   *"Mobile equipment" means any of the following types of land vehicles, including any attached machinery or equipment:*
>
> **6.**   *Vehicles not described in Paragraph **1., 2., 3.** or **4.** above maintained primarily for purposes other than the transportation of persons or cargo. However, self-propelled vehicles with the following types of permanently attached equipment are not "mobile equipment" but will be considered "autos":*
>
> **a.**   *Equipment designed primarily for:*
>
> **(1)**   *Snow removal;*
>
> **(2)**   *Road maintenance, but not construction or resurfacing; or*
>
> **(3)**   *Street cleaning;*
>
> **b.**   *Cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers; and*
>
> **c.**   *Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting or well-servicing equipment.*

32.   Last, the policy contains Commercial Liability Umbrella coverage (the "Umbrella coverage") which states, in relevant part:

<div align="center">11</div>

### COMMERCIAL LIABILITY UMBRELLA COVERAGE FORM

***

### SECTION I – COVERAGES

### COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1.    **Insuring Agreement**

   a.    *We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking damages for such "bodily injury" or "property damage" when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. At our discretion, we may investigate any "occurrence" that may involve this insurance and settle any resultant claim or "suit" for which we have the duty to defend.\*\*\**

   c.    *This insurance applies to "bodily injury" and "property damage" only if:*

      (1)    *The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"[.]\*\*\**

2.    **Exclusions**

   *This insurance does not apply to:*

   a.    **Expected Or Intended Injury**

   *"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

***

   d.    **Workers' Compensation And Similar Laws**

12

*Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.*

*\*\*\**

**g.    Employer's Liability**

*"Bodily injury" to:*

**(1)**    *An "employee" of the insured arising out of and in the course of:*

**(a)**    *Employment by the insured; or*

**(b)**    *Performing duties related to the conduct of the insured's business[.]\*\*\**

*This exclusion applies whether the insured may be liable as an employer or in any other capacity, and to any obligation to share damages with or repay someone else who must pay damages because of the injury.*

## MATERIAL MISREPRESENTATION

33.    Throughout the application and renewal process for the policy, Trees represented to West Bend that the scope of its operations was limited to Illinois, Wisconsin, and Indiana.

34.    West Bend subsequently discovered that Trees' operations were not limited to those particular states and, instead, included operations throughout the United States in states such as Florida, Texas, and Louisiana.

35.    Trees' misrepresentation regarding the scope of its operations was material.

## COUNT I

**No Duty to Defend or Indemnify Trees Under The Policy**

36.    West Bend incorporates and re-alleges paragraphs 1 through 35, as if set forth fully herein.

13

37. An actual and present controversy exists between West Bend and Trees regarding West Bend's obligations, if any, with respect to the claims being asserted against Trees by O'Dell in the Underlying Lawsuit.

38. West Bend seeks a judicial declaration of no duty to defend or indemnify Trees with respect to the Underlying Lawsuit for the following reasons.

39. West Bend does not owe any duty to defend or indemnify Trees under the policy's CGL coverage, for one or more of the following reasons:

 a. The underlying lawsuit does not allege bodily injury caused by an "occurrence";

 b. The expected or intended injury exclusion **a.** applies to bar coverage for the underlying lawsuit;

 c. The workers' compensation and similar laws exclusion **d.** applies to bar coverage for the underlying lawsuit;

 d. The employer's liability exclusion **e.** applies to bar coverage for the underlying lawsuit; and

 e. The exclusion for designated operations applies to bar coverage for the underlying lawsuit.

40. West Bend does not owe any duty to defend or indemnify Trees under the policy's Tree Care Professional Liability Coverage endorsement, for one or more of the following reasons:

 a. The underlying lawsuit does not allege bodily injury caused by an "occurrence";

 b. The expected or intended injury exclusion applies to bar coverage for the underlying lawsuit;

 c. The workers' compensation and similar laws exclusion applies to bar coverage for the underlying lawsuit;

 d. The employer's liability exclusion applies to bar coverage for the underlying lawsuit;

 e. The "auto" exclusion applies to bar coverage for the underlying lawsuit; and

 f. The exclusion for designated operations applies to bar coverage for the underlying lawsuit.

41. West Bend does not owe any duty to defend or indemnify Trees under the policy's Business Auto coverage, for one or more of the following reasons:

14

a. The underlying lawsuit does not allege bodily injury caused by an "accident";

b. The expected or intended injury exclusion **1.** applies to bar coverage for the underlying lawsuit;

c. The workers' compensation and similar laws exclusion **3.** applies to bar coverage for the underlying lawsuit;

d. The employer's liability exclusion **4.** applies to bar coverage for the underlying lawsuit; and

e. The operations exclusion **9.** applies to bar coverage for the underlying lawsuit.

42. West Bend does not owe any duty to defend or indemnify Trees under the policy's Umbrella coverage, for one or more of the following reasons:

a. The underlying lawsuit does not allege bodily injury caused by an "occurrence";

b. The expected or intended injury exclusion **a.** applies to bar coverage for the underlying lawsuit;

c. The workers' compensation and similar laws exclusion **d.** applies to bar coverage for the underlying lawsuit;

d. The employer's liability exclusion **g.** applies to bar coverage for the underlying lawsuit; and

e. The exclusion for designated operations applies to bar coverage for the underlying lawsuit.

43. There may be other bases upon which West Bend can properly deny coverage and West Bend reserves the right to plead them in the future.

44. The above contentions of West Bend are disputed by Trees.

45. There is a *bona fide*, actual, present need for the declaration of West Bend's rights and obligations under the policy, if any.

46. This Court's declaration will confer certainty on the parties with respect to their rights, duties and obligations under the Policy and will, therefore, serve the interests of justice.

47. West Bend has no adequate remedy at law.

48. O'Dell, as the third-party claimant and plaintiff in the Underlying Lawsuit, is named herein so he will be bound by the Court's ultimate decree.

15

WHEREFORE, Plaintiff, WEST BEND INSURANCE COMPANY, prays that this Honorable Court enter an Order finding and declaring that it does not owe a duty to defend or indemnify TREES R US, INC. against the Underlying Lawsuit under the West Bend policy, and for such other and further relief as this Court deems fair and just under the circumstances.

## COUNT II

### No Duty to Defend or Indemnify J. Willis Under The Policy

49.    West Bend incorporates and re-alleges paragraphs 1 through 35, as if set forth fully herein.

50.    An actual and present controversy exists between West Bend and J. Willis regarding West Bend's obligations, if any, with respect to the claims being asserted against J. Willis by O'Dell in the Underlying Lawsuit.

51.    West Bend seeks a judicial declaration of no duty to defend or indemnify J. Willis with respect to the Underlying Lawsuit for the following reasons.

52.    West Bend does not owe any duty to defend or indemnify J. Willis under the policy's CGL coverage, for one or more of the following reasons:

    a.    The underlying lawsuit does not allege bodily injury caused by an "occurrence";

    b.    The expected or intended injury exclusion **a.** applies to bar coverage for the underlying lawsuit;

    c.    The workers' compensation and similar laws exclusion **d.** applies to bar coverage for the underlying lawsuit;

    d.    The employer's liability exclusion **e.** applies to bar coverage for the underlying lawsuit; and

    e.    The exclusion for designated operations applies to bar coverage for the underlying lawsuit.

53.    West Bend does not owe any duty to defend or indemnify J. Willis under the policy's Tree Care Professional Liability Coverage endorsement, for one or more of the following reasons:

a. The underlying lawsuit does not allege bodily injury caused by an "occurrence";

b. The expected or intended injury exclusion applies to bar coverage for the underlying lawsuit;

c. The workers' compensation and similar laws exclusion applies to bar coverage for the underlying lawsuit;

d. The employer's liability exclusion applies to bar coverage for the underlying lawsuit;

e. The "auto" exclusion applies to bar coverage for the underlying lawsuit; and

f. The exclusion for designated operations applies to bar coverage for the underlying lawsuit.

54. West Bend does not owe any duty to defend or indemnify J. Willis under the policy's Business Auto coverage, for one or more of the following reasons:

a. The underlying lawsuit does not allege bodily injury caused by an "accident";

b. The expected or intended injury exclusion **1.** applies to bar coverage for the underlying lawsuit;

c. The workers' compensation and similar laws exclusion **3.** applies to bar coverage for the underlying lawsuit;

d. The employer's liability exclusion **4.** applies to bar coverage for the underlying lawsuit; and

e. The operations exclusion **9.** applies to bar coverage for the underlying lawsuit.

55. West Bend does not owe any duty to defend or indemnify J. Willis under the policy's Umbrella coverage, for one or more of the following reasons:

a. The underlying lawsuit does not allege bodily injury caused by an "occurrence";

b. The expected or intended injury exclusion **a.** applies to bar coverage for the underlying lawsuit;

c. The workers' compensation and similar laws exclusion **d.** applies to bar coverage for the underlying lawsuit;

d. The employer's liability exclusion **g.** applies to bar coverage for the underlying lawsuit; and

e. The exclusion for designated operations applies to bar coverage for the underlying lawsuit.

56. There may be other bases upon which West Bend can properly deny coverage and West Bend reserves the right to plead them in the future.

57.     The above contentions of West Bend are disputed by J. Willis.

58.     There is a *bona fide*, actual, present need for the declaration of West Bend's rights and obligations under the policy, if any.

59.     This Court's declaration will confer certainty on the parties with respect to their rights, duties and obligations under the Policy and will, therefore, serve the interests of justice.

60.     West Bend has no adequate remedy at law.

61.     O'Dell, as the third-party claimant and plaintiff in the Underlying Lawsuit, is named herein so he will be bound by the Court's ultimate decree.

WHEREFORE, Plaintiff, WEST BEND INSURANCE COMPANY, prays that this Honorable Court enter an Order finding and declaring that it does not owe a duty to defend or indemnify JENNI WILLIS against the Underlying Lawsuit under the West Bend policy, and for such other and further relief as this Court deems fair and just under the circumstances.

## COUNT III

### No Duty to Defend or Indemnify N. Willis Under The Policy

62.     West Bend incorporates and re-alleges paragraphs 1 through 35, as if set forth fully herein.

63.     An actual and present controversy exists between West Bend and N. Willis regarding West Bend's obligations, if any, with respect to the claims being asserted against N. Willis by O'Dell in the Underlying Lawsuit.

64.     West Bend seeks a judicial declaration of no duty to defend or indemnify N. Willis with respect to the Underlying Lawsuit for the following reasons.

65.     West Bend does not owe any duty to defend or indemnify N. Willis under the policy's CGL coverage, for one or more of the following reasons:

18

a. The underlying lawsuit does not allege bodily injury caused by an "occurrence";

b. The expected or intended injury exclusion **a.** applies to bar coverage for the underlying lawsuit;

c. The workers' compensation and similar laws exclusion **d.** applies to bar coverage for the underlying lawsuit;

d. The employer's liability exclusion **e.** applies to bar coverage for the underlying lawsuit; and

e. The exclusion for designated operations applies to bar coverage for the underlying lawsuit.

66. West Bend does not owe any duty to defend or indemnify N. Willis under the policy's Tree Care Professional Liability Coverage endorsement, for one or more of the following reasons:

a. The underlying lawsuit does not allege bodily injury caused by an "occurrence";

b. The expected or intended injury exclusion applies to bar coverage for the underlying lawsuit;

c. The workers' compensation and similar laws exclusion applies to bar coverage for the underlying lawsuit;

d. The employer's liability exclusion applies to bar coverage for the underlying lawsuit;

e. The "auto" exclusion applies to bar coverage for the underlying lawsuit; and

f. The exclusion for designated operations applies to bar coverage for the underlying lawsuit.

67. West Bend does not owe any duty to defend or indemnify N. Willis under the policy's Business Auto coverage, for one or more of the following reasons:

a. The underlying lawsuit does not allege bodily injury caused by an "accident";

b. The expected or intended injury exclusion **1.** applies to bar coverage for the underlying lawsuit;

c. The workers' compensation and similar laws exclusion **3.** applies to bar coverage for the underlying lawsuit;

d. The employer's liability exclusion **4.** applies to bar coverage for the underlying lawsuit; and

e. The operations exclusion **9.** applies to bar coverage for the underlying lawsuit.

19

68.    West Bend does not owe any duty to defend or indemnify N. Willis under the policy's Umbrella coverage, for one or more of the following reasons:

    a.    The underlying lawsuit does not allege bodily injury caused by an "occurrence";

    b.    The expected or intended injury exclusion **a.** applies to bar coverage for the underlying lawsuit;

    c.    The workers' compensation and similar laws exclusion **d.** applies to bar coverage for the underlying lawsuit;

    d.    The employer's liability exclusion **g.** applies to bar coverage for the underlying lawsuit; and

    e.    The exclusion for designated operations applies to bar coverage for the underlying lawsuit.

69.    There may be other bases upon which West Bend can properly deny coverage and West Bend reserves the right to plead them in the future.

70.    The above contentions of West Bend are disputed by N. Willis.

71.    There is a *bona fide*, actual, present need for the declaration of West Bend's rights and obligations under the policy, if any.

72.    This Court's declaration will confer certainty on the parties with respect to their rights, duties and obligations under the policy and will, therefore, serve the interests of justice.

73.    West Bend has no adequate remedy at law.

74.    O'Dell, as the third-party claimant and plaintiff in the Underlying Lawsuit, is named herein so he will be bound by the Court's ultimate decree.

WHEREFORE, Plaintiff, WEST BEND INSURANCE COMPANY, prays that this Honorable Court enter an Order finding and declaring that it does not owe a duty to defend or indemnify NICK WILLIS against the Underlying Lawsuit under the West Bend policy, and for such other and further relief as this Court deems fair and just under the circumstances.

## COUNT IV

### Rescission

75.      West Bend incorporates and re-alleges paragraphs 1 through 35, as if set forth fully herein.

76.      Trees misrepresented the scope of its operations to West Bend during the application and renewal process for the policy.

77.      Particularly, Trees represented to West Bend that its operations were limited to Illinois, Wisconsin, and Indiana.

78.      However, Trees' operations were not limited to those states and it, in fact, Trees conducted operations in other states throughout the United States, including Florida.

79.      Trees' misrepresentation regarding the scope of its operations was made with intent to deceive.

80.      Alternatively, Trees' misrepresentation materially affected the risk assumed by West Bend when issuing the policy.

81.      In issuing the policy, West Bend relied upon Trees' representations regarding the scope of its operations.

82.      As a result of the foregoing material misrepresentation, West Bend is entitled to rescind the policy pursuant to 215 ILCS 5/154.

83.      West Bend stands ready to return the premiums paid for the policy should the policy be rescinded.

84.      Because West Bend has a right to rescind the policy, West Bend does not owe any coverage to Trees, J. Willis, and N. Willis with respect to the Underlying Lawsuit.

21

WHEREFORE, the Plaintiff, WEST BEND INSURANCE COMPANY, prays that this Honorable Court enter an Order finding and declaring that, as a result of the material misrepresentation made by TREES R US, INC., West Bend is entitled to rescind the policy numbered A091082 08, and for such other and further relief as this Court deems fair and just under the circumstances.

## COUNT V

### Recoupment

85.    West Bend incorporates and re-alleges paragraphs 1 through 84, as if set forth fully herein.

86.    This is an action for recoupment under the common law and pursuant to the policy.

87.    West Bend is providing a defense in the Underlying Lawsuit although West Bend contends that it has no duty to defend the Underlying Lawsuit.

88.    By reason of the foregoing, upon a finding that West Bend owes no duty to defend, either based on rescission of the policy or based on no coverage, West Bend is entitled to recoup from the Defendants all attorneys' fees and costs incurred in defense of the Underlying Lawsuit.

89.    Alternatively, in accordance with the Policy's Defense Costs endorsement (IL 01 62 10 13), West Bend has a right to reimbursement for the defense costs incurred in the defense of the Underlying Lawsuit.

90.    WHEREFORE, the Plaintiff, WEST BEND INSURANCE COMPANY, prays that this Honorable Court enter an Order finding and declaring that West Bend is entitled to recoup defense fees and costs incurred in the defense of the Underlying Lawsuit.

Dated: ***this 9th day of June 2026.***

<div style="margin-left: 40%;">

*/s/ Lauren S. Curtis*
LAUREN S. CURTIS, ESQUIRE
FBN: 150940
SARAH A. WILKINS, ESQUIRE
FBN: 124904
Traub Lieberman Straus
  & Shrewsberry, LLP
55 First Street South
St. Petersburg, FL 33701
(727) 898-8100 – Telephone
(727) 895-4838 – Facsimile
Attorneys for Plaintiff
*For service of court documents:*
lcurtis@tlsslaw.com
swilkins@tlsslaw.com
sschneider@tlsslaw.com

</div>

23